# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO CABALLERO,<br><br>Defendant. | CASE NO. 1:12-CR-000329-(1)-LJO-BAM<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 60) |
|---|---|

Before the Court is Defendant Pedro Caballero's *pro se* motion to reduce his sentence (Doc. 60), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office filed a notice declining to supplement the motion. *See* Doc. 62. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 64. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

**I.   BACKGROUND**

As charged in the single-count Superseding Information, Defendant Caballero pleaded guilty to a violation of 18 U.S.C. 924(c)(1)(A)(i), possession of a firearm in the furtherance of a drug trafficking crime. *See* Plea Agreement, Doc. 46; *see* PSR ¶¶ 1, 37, Doc. 55. At sentencing, the Court

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

found that the applicable guideline for Defendant's violation of § 924(c)(1)(A)(i) was the statutory mandatory minimum sentence of 60 months, pursuant to § 2k2.4. No other guideline calculations exist. *See* PSR ¶¶ 6, 33-34. On June 24, 2013, pursuant to § 5k2.0(a)(3) and based on § 3553(a) factors, *see* PSR ¶ 52-57, the Court exercised an upward variance and imposed a sentence of 90 months, with 60 months supervised release, and a $100 special assessment. *See* Docs. 57, 58.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a)

factors[2] and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendant Caballero requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). He argues that "the Sentencing range applicable to [him] has been lowered by Amendment 782," and as a result, "[t]his requires the Court to exercise its discretion in reducing [his] sentence." Doc. 60 at 2:19-22. In addition, he contends that the Court should consider his "rehabilitation efforts [which] merit substantial weight in favor of a reduction [sic] … ." *Id.* at 5:1-2.

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Generally, when reviewing a §3582 motion the Court compares the original sentence imposed under the original guideline range to that which the defendant would receive under the amended guideline range. If, however, a defendant was sentenced pursuant to a statutory mandatory minimum term of imprisonment, he is not eligible for a sentence reduction under § 3582(c). *See, e.g., United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

Here, it is undisputed that the Court imposed a sentence under the statutory mandatory minimum guideline found under § 2k2.4. *See* Docs. 57, 58, 60; PSR ¶¶ 6, 33-34. Amendment 782 revised § 2D1.1, but did not revise § 2k2.4. *See* Amendment 782, § 1B1.10. In other words, the same

---

[2] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

mandatory minimum guideline found in § 2k2.4 serves as the guideline and basis for sentencing, post-Amendment, just as it did at the time of sentencing. As post-Amendment sentencing guidelines are not implicated, the Court need not proceed with a comparative analysis of their possible effects. Further, because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates finding that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the Court does not have the authority to modify Defendant's sentence. *Dillon*, 560 U.S. at 825-26. The answer at step one is that Defendant is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10; *see Paulk*, 569 F.3d at 1096.

To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is that a defendant is ineligible, the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155. The Court commends Caballero for his rehabilitation efforts, focus on his journey, and progress in his classes. *See* Doc. 60 at 4. The Court's denial is in no way a reflection of Defendant's character, but rather a matter of law.

**IV.   CONCLUSION AND ORDER**

The Court concludes that Defendant has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pedro Caballero's motion to reduce his sentence (Doc. 60) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.
IT IS SO ORDERED.

Dated:   **January 21, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

4